IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OMAR CORTEZ-RIVERA,**<br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br>Respondent. | *<br>*<br>*<br>*<br>*     **CIVIL NO. 09-1027(PG)**<br>*     **RELATED CRIM. 04-414(PG)**<br>*<br>*<br>* |

## **OPINION & ORDER**

Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1),[1] as well as the Government's Response (D.E. 3). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

## **I. BACKGROUND**

On March 6, 2007, Petitioner Omar Cortez-Rivera (hereinafter "Cortez-Rivera" or "Petitioner") pled guilty, pursuant to a Rule 11(c)(1)(A) & (B) Plea Agreement entered into with the Government, to count six (6) of the Second Superseding Indictment in which he was charged (Crim.D.E.584).[2]

Count six (6) charged: On or about July 25, 2003, in the District of Puerto Rico and within the jurisdiction of this Court, Omar Cortez-Rivera and two (2) additional co-defendants, the defendants herein and others to the Grand Jury unknown, aiding and abetting each other, did knowingly

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

use, carry and possess a firearm in furtherance of a drug trafficking crime, that is, pistols and rifles of unknown brands, during and in relation to the commission of an offense punishable under the Controlled Substance Act, that is, a violation of Title 21, United States Code, Section 846 and 841 (a)(1) as charged in Count Five of this Indictment, involving the conspiracy to possess with the intent to distribute cocaine, cocaine base, Schedule II Narcotic Drug Controlled Substances and marihuana, a Schedule I Controlled Substance. All in violation of Title 18, United States Code, Section 924(c)(1) and 2 (Crim. D.E.48).

Pursuant to the terms of the Plea Agreement the parties agreed to recommend to the Court a sentence for count six (6) of three hundred (300) months of imprisonment. There was no stipulation as to Cortez-Rivera's Criminal History Category (Crim.D.E. 585 at page 5).

Pursuant to the Plea Agreement Petitioner agreed that if the Court accepted the Plea Agreement and sentenced him according to its terms, conditions and recommendations, Cortez-Rivera would waive and surrender his right to appeal the judgment and sentence upon him (Crim.D.E. 585 at page 8).

On July 6, 2007, Cortez-Rivera's Sentencing Hearing was held (Crim.D.E. 705). Petitioner was sentenced in accordance with the recommendation made in the Plea Agreement, to a term of three hundred (300) months of

imprisonment, a Supervised Release Term of five (5) years and a Special Monetary Assessment of one hundred dollars ($100) (Crim.D.E. 705). Since the Court followed the sentencing recommendations Petitioner waived his right to appeal. Judgment was entered on July 6, 2007 (Crim.D.E. 706). No direct appeal was filed and Cortez-Rivera's conviction became final on July 16, 2007. Petitioner signed and dated his petition on December 10, 2008 (D.E. 1 at page 14).[3] The petition was filed with the Court on January 13, 2009 (D.E. 1). Said petition is therefore untimely.

## II. DISCUSSION

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date. Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

In the case at hand, we take the dates of entry of Judgment and review the tolling of the applicable statute of limitations in the light most favorable to Petitioner.

---

[3] There is no statement regarding as to when the petition was placed in the prison mail box system.

Civil No. 09-1027(PG)                                                    Page 4

Assuming that Petitioner preserved a right to appeal, which he did not, following his guilty plea, his judgment of conviction became final ten days following the entry of judgment. This would have been the allotted time limit for Petitioner to file his Notice of Appeal. <u>Kapral</u> v. <u>United States</u>, 166 F.3d 565 (3d Cir. 1999).

Petitioner's Judgment was entered July 6, 2007, which means that on July 16, 2007, his conviction became final and the one (1) year statute of limitation began to accrue.

Therefore, Petitioner had until July 16, 2008, to timely file his section 2255 petition. However, Cortez-Rivera did not sign his petition until December 10, 2008,[4] over four (4) months after the one year statute of limitations had expired. Hence, the same is time barred.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **OMAR CORTEZ-RIVERA**, is not entitled to federal habeas relief on the claim presented due to the fact that the same is time barred. Accordingly, it is ordered that Petitioner **OMAR CORTEZ-RIVERA's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) be **DENIED,** and his Motion

---

[4] The Court has two dates: December 10, 2008, as the date Petitioner signed his Petition and January 13, 2009, the date the petition was actually filed with the Court. Taking into consideration that this is a pro-se litigant and in the light most favorable to him, the Court has used the December 10, 2008 date, which is the most favorable date, as his filing date. The Court assumes that this is also the date the petition was placed in the prison mail box, although this is not specified in the document.

Civil No. 09-1027(PG)                                                Page 5

to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

**IV. CERTIFICATE OF APPEALABILTY**

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th of March 2012.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**UNITED STATES DISTRICT JUDGE**